**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BRAD ALAN VOORHEES,**

Petitioner,

v.

**DAVID CRIST,**

Respondent.

Civil No. 01-1516 (JRT/JGL)

**O R D E R**

---

APPEARANCES

Brad Alan Voorhees, pro se.

Mark S. Rubin, Esq., Assistant St. Louis County Attorney, for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Brad Voorhees' Motion to Defer Ruling Pending Receipt from Petitioner (Doc. 9, Pt.1), Motion for Appointment of Counsel (Doc. 9, Pt. 2), Motion for Factfinding Procedures (Doc. 9, Pt. 3), Motion for Leave and Full Factfinding Procedures and Discovery and Evidentiary Hearing (Doc. 11), Second Motion for Appointment of Counsel (Doc. No. 12), and Application to Proceed Without Prepayment of Fees (Doc. No. 14). The matter has been referred to the undersigned pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

FILED NOV 0 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner Brad Voorhees' request that the Court defer ruling on his petition is denied as moot. Petitioner had asked the Court to defer ruling until October 3, 2001 so that he could file additional motions. That date has passed, and Petitioner has filed his additional motions.

Petitioner's first motion for appointment of counsel and motion for factfinding procedures are denied. Petitioner merely used these words in the caption of a document, presenting no legal or factual basis and failing to comply with all requirements of motion practice. The docketing of these motions was a clerical error.

The motion for discovery and an evidentiary hearing is denied. Petitioner expresses his desire to develop the record so that "this Court can make [its] decision on facts and not on [the] unfair trial record and appellate review." However, Petitioner does not articulate precisely what evidence he seeks, specifically how it relates to his claims, or how the record of the previous proceedings is deficient. Furthermore, the claims in the petition are based on the record below, which was provided to the Court.

Petitioner next asks the Court to appoint counsel, contending that he has no meaningful legal skills and that his case has merit. Most of Petitioner's articulated grounds in support of his motion, however, concern the alleged deficiencies of his former lawyers.

The Sixth Amendment right to counsel does not apply to habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991);

Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1995). Habeas proceedings are civil in nature, and there is no right to appointed counsel in civil cases. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). Nevertheless, a court may appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In exercising this discretion, a court should consider the factual complexity of the case, the ability of a petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the court would benefit from representation by counsel. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). In the present case, the Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. The Court further finds that Petitioner has the ability to articulate his claims and to argue his positions, and therefore, is capable of self-representation. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. Accordingly, Petitioner Voorhees' motion is denied.

Finally, the Court turns to Petitioner's Application to Proceed Without Prepayment of Fees. Based on the financial information in the

application, the Court is satisfied that Petitioner is indigent. His application is therefore granted.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Petitioner's Motion to Defer Ruling Pending Receipt from Petitioner (Doc. 9, Pt.1) is **DENIED AS MOOT**;

(2) Petitioner's Motion for Appointment of Counsel (Doc. 9, Pt. 2) is **DENIED**;

(3) Petitioner's Motion for Factfinding Procedures (Doc. 9, Pt. 3) is **DENIED**;

(4) Petitioner's Motion for Leave and Full Factfinding Procedures and Discovery and Evidentiary Hearing (Doc. 11) is **DENIED**;

(5) Petitioner's Motion for Appointment of Counsel (Doc. No. 12) is **DENIED**; and

(6) Petitioner's Application to Proceed Without Prepayment of Fees (Doc. No. 14) is **GRANTED**.

Dated: November 8, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge