**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BRAD ALAN VOORHEES,** Civil No. 01-1516 (JRT/JGL)

Petitioner,

v. **O R D E R**

**DAVID CRIST,**

Respondent.

---

APPEARANCES

Brad Alan Voorhees, pro se

Mark S. Rubin, Esq., Assistant St. Louis County Attorney, for Respondent

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Brad Voorhees' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned magistrate judge pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

The Court is in receipt of Respondent's response to this Court's Order to Show Cause Why Writ of Habeas Corpus Should Not Be Granted. The response is stricken for failure to comply with the Court's Order in several respects. First, this Court expressly instructed Respondent to address the merits of the petition with "relevant decisions of the United States Supreme

FILED FEB 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Court and the United States Court of Appeals for the Eighth Circuit." Respondent's memorandum is replete with decisions from Minnesota state courts; indeed, much of the memorandum consists of a verbatim recital of the Minnesota Supreme Court's opinion in this case. A federal habeas petition concerns only federal law, and Respondent must reply accordingly. Respondent is ordered to file an amended response, addressing each of Petitioner's arguments and providing precedent from the Eighth Circuit and the United States Supreme Court for each and every allegation.

Second, Respondent did not address each and every allegation in the petition. For example, Respondent did not address Petitioner's allegation on page 6A of the petition that the jury was not impaneled until after a twenty-day requirement. Respondent must address each and every claim in the petition in its amended response.

Third, the Court instructed Respondent to "include copies of all written materials from prior state court proceedings that are relevant to the issues raised in the application." Respondent provided only the trial transcript, even though Petitioner challenged other proceedings such as the grand jury selection, composition, and impanelment; the prosecutor's pretrial interrogation of Petitioner; and the appointment of appellate counsel. For example, it is imperative for the Court to know whether the evidence presented to the grand jury was sufficient to establish probable cause even if a grand juror was impartial, which Respondent would have known had it cited the

relevant United States Supreme Court precedent. Respondent is ordered to provide written materials from these proceedings and any other relevant state court proceedings, such as pretrial motion hearings, if they are relevant to the allegations in the petition.

Finally, Respondent must include specific citations to the transcripts and record before the Court in its amended response. Respondent repeatedly refers to events "in the transcript"; however, the transcript consists of 1071 pages, and Respondent provide a specific page citation for every allusion to the record before the Court.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Respondent's Response to this Court's Order to Show Cause (Docs. No. 5 and 6) is **STRICKEN** from the record. Respondent is ordered to file an amended response as set forth in the body of this Order by March 27, 2002.

Dated: February ____, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge