**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

BRAD ALAN VOORHEES,

Petitioner,

v.

DAVID CRIST,

Respondent.

Civil No. 01-1516 (JRT/JGL)

**MEMORANDUM OPINION AND ORDER ON PETITIONER'S RULE 59(e) MOTION**

---

Brad Alan Voorhees, #193042, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN, 55003, *pro se*.

Mark S. Rubin, Assistant County Attorney, ST. LOUIS COUNTY ATTORNEY'S OFFICE, 501 Courthouse, 100 North Fifth Avenue West, Duluth, MN 55802, for respondent.

Petitioner Brad Voorhees ("Voorhees") is in the custody of the State of Minnesota, and resides at the Minnesota Correctional Facility in Stillwater, where respondent David Crist is the warden. Voorhees has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 22, 2003, the Court issued a Memorandum Opinion and Order finding that Voorhees was not entitled to habeas relief, and dismissing his application with prejudice. *See Voorhees v. Crist*, Civ. No. 01-1516, slip op. at 25 (D. Minn. July 22, 2003) ("July 22 Order"). Voorhees has now filed a Motion to Alter or

FILED AUG 25 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court now denies Voorhees's motion.

## DISCUSSION

A Rule 59(e) motion serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Such a motion cannot be used to introduce evidence that was available prior to entry of judgment but was not proffered, to re-litigate old issues, to advance new theories, or to secure a rehearing on the merits. *Id.*; *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Voorhees's motion rests on three principal contentions. First, he states that he "does not agree with any portion of the Courts [sic] Order." (Mot. at 2.) Voorhees also states that the order is "incomplete." (*Id.*) As demonstrated by the authorities cited above, these statements of opinion are not valid grounds upon which to base a Rule 59(e) motion. The Court therefore need not address them.

Second, Voorhees notes that one of his previous arguments about prosecutor misconduct cited an incorrect Minnesota Rule of Criminal Procedure. In its July 22 Order, the Court noted that

> Voorhees did not state a claim by alleging that the prosecutor ignored the "twenty day requirement" to call the grand jury. Voorhees now claims that he was actually referring to a "14-day rule to call the grand jury" purportedly contained in Rule 9.01 of Minnesota Rules of Criminal Procedure. Rule 9.01, however, contains no such requirement, and does not even deal with the grand jury.

(July 22 Order at 21.) Voorhees states that his reference to Rule 9.01 was a typographical error, and that he intended to cite Rule 8.01 of the Minnesota Rules of Criminal Procedure. That rule provides in relevant part as follows:

> If the offense charged in the complaint is a homicide and the prosecuting attorney notifies the court that the case will be presented to the grand jury, or if the offense is punishable by life imprisonment, the presentation of the case to the grand jury shall commence within 14 days from the date of defendant's appearance in the court under this rule, and an indictment or report of no indictment shall be returned within a reasonable time.

Minn. R. Crim. P. 8.01.

Voorhees argues that the prosecutor did not follow this rule in summoning the grand jury, and that this fact rendered the indictment "defective." (Mot. at 3.) This argument may be properly considered under Rule 59(e) because it points out a possible error in the Court's earlier order. Upon considering this new fact, however, the Court finds that it does not entitle Voorhees to any relief. Even if Voorhees is correct that the indictment was somehow tainted by the prosecutor's failure to abide by Rule 8.01, that taint was rendered harmless beyond a reasonable doubt by the petit jury's guilty verdict. *See United States v. Mechanik*, 475 U.S. 66, 67 (1986). (*See also* July 22 Order at 8-10.) Therefore, although Voorhees now cites the correct rule, it does not change the conclusions in the Court's July 22 Order.

Finally, Voorhees re-states his previous argument that the prosecutor was vindictive by letting a "friend of the victim sit on the grand jury." (Mot. at 3.) The Court considered this argument in its July 22 Order, and rejected it. (*See* July 22 Order

at 8-10.) Voorhees's argument here does nothing more than attempts to re-litigate that issue, but this is not permitted under Rule 59(e). Therefore, the Court declines to address this argument.

It appears that Voorhees intends to appeal the Court's July 22 Order to the United States Court of Appeals for the Eighth Circuit. Because Voorhees filed a motion under Rule 59(e), his time to file a notice of appeal will begin running as of the date of this Order. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion pursuant to Rule 59(e) [Docket No. 32] is **DENIED**.

2. Pursuant to Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure, the time to file an appeal in this case will begin to run from the date of this order.

DATED: August 24, 2003
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge